U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

2005 DEC 15 P 3: 13

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.  ) | Cr. No. 05-cr-285-01-JM |
| ) | |
| **ALGONQUIN POWER SYSTEMS-NH, INC.,** ) | |
| ) | |
| Defendant.  ) | |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, the United States of America, by its attorney, Thomas P. Colantuono, United States Attorney for the District of New Hampshire, and the defendant, Algonquin Power Systems-NH, Inc. ("APS-NH"), and its counsel, Devine, Millimet & Branch, P.A., enter into the following Plea Agreement:

1. **The Plea and The Offenses**.

Defendant APS-NH agrees, subject to the conditions set forth in Paragraph 5 of this Agreement, to plead guilty to a 2-count Information charging the corporation with: a) Negligently Discharging a Harmful Quantity of Oil into a Water of the United States, in violation of 33 U.S.C. §§ 1321(b)(3) and 1319(c)(1)(A) (Count 1); and b) Negligently Discharging a Pollutant through a Point Source to Waters of the United States Without a Permit, in violation of 33 U.S.C. §§ 1311(a) and 1319(c)(1)(A) (Count 2).

2.  **The Statutes and Elements of the Offenses**.

The charges set forth in the Information are brought under the following provisions of Title 33, United States Code and applicable provisions of the Code of Federal Regulations:

A.  <u>Count 1 (33 U.S.C. § 1321(b)(3))</u>

> The discharge of oil or hazardous substances (I) into or upon the navigable waters of the United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . . in such quantities as may be harmful as determined by the President under paragraph (4) of this subsection, is prohibited . . . .

33 U.S.C. § 1321(b)(3).

> Section 1321(b)(4), referenced in the above statute, states:

> The President shall by regulation determine for the purposes of this section those quantities of oil and any hazardous substances the discharge of which may be harmful to the public health or welfare or the environment of the United States . . . .

The regulation referenced in subsection (4) above is set forth in Title 40 of the Code of Federal Regulations as follows:

> For purposes of section 1321(b)(4) of the Act, discharges of oil in such quantities that the Administrator [of the Environmental Protection Agency] has determined may be harmful to the public health or welfare or the environment of the United States include discharges of oil that:
>
> . . .
>
>> (b) Cause a film or sheen upon or discoloration of the surface of the water or adjoining shorelines or cause a sludge or emulsion to be deposited beneath the surface of the water or upon adjoining shorelines.

40 C.F.R. § 110.3.  The regulations define a "sheen" as "an iridescent appearance on the surface of the water."  40 C.F.R. §

110.1. A negligent violation of Section 1321(b)(3) is punishable under the statute as follows:

> Any person who - (A) negligently violates section 1311 [or] 1321(b)(3) . . . of this title, . . . shall be punished by a fine of not less than $2,500 nor more than $25,000 per day of violation, or by imprisonment for not more than 1 year, or by both.

33 U.S.C. §1319(c)(1)(A).

The essential elements of the offense under 33 U.S.C. § 1321(b)(3) are as follows:

(1) that the defendant discharged oil on one or more occasions;

(2) that the discharge was made into or upon the navigable waters of the United States or adjoining shorelines;

(3) that the discharge occurred in such quantities as may be harmful; and

(4) that the discharge occurred as a result of defendant's negligence.

**United States v. Pedro Rivera (D.P.R., Cr. No. 95-84 (HL), rev'd. On unrelated grounds, 131 F.3d 222 (1st Cir. 1997), United States v. Murray C. Verrett (M.D. La., Cr. No. 02-219-A).**

B.   Count 2 (33 U.S.C. § 1311(a))

Except as in compliance with this section and sections 1312, 1316, 1317, 1328, 1342, and 1344 of this title [authorizing permits for the discharge of pollutants from a point source], the discharge of any pollutant by any person shall be unlawful.

33 U.S.C. § 1311(a). An offense under section 1311(a) is punishable as set forth in 33 U.S.C. §1319(c)(1)(A), supra.

The essential elements of the offense under 33 U.S.C. § 1311(a) are as follows:

(1) that the defendant discharged a pollutant through a point source;

(2) that the pollutant was discharged into a water of the United States;

(3) that the defendant was not permitted to discharge the pollutant; and

(4) that the discharge occurred as a result of defendant's negligence.

**United States v. M/G Transport Services (S.D. Ohio, CR-1-95-18), 173 F.3d 584 (6th Cir. 1999), United States v. Wilson, 133 F.3d 251 (4th Cir. 1997), United States v. Pedro Rivera (D.P.R., Cr. No. 95-84 (HL), rev'd. On unrelated grounds, 131 F.3d 222 (1st Cir. 1997), United States v. Murray C. Verrett (M.D. La., Cr. No. 02-219-A).**

3. **Penalties**.

The defendant understands that the penalties for the offenses are:

    i.    a maximum fine of $25,000 on each count, per each day of violation (see 33 U.S.C. § 1319(c)(1)(A)) or

$200,000 (see 18 U.S.C. §3571(c));

ii. a maximum term of probation of 5 years on each count (see 18 U.S.C. §3561©; U.S.S.G. §8D1.2); and

iii. a mandatory $125 special assessment on each count. 18 U.S.C. §3013(a)(1)(B)(iii); U.S.S.G. §8E1.1).

In addition to the other penalties provided by law, the Court may also order the defendant to pay any restitution as may be applicable pursuant to 18 U.S.C. § 3663 or § 3663A.

4. **Sentencing and Application of the Sentencing Guidelines**.

APS-NH understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. APS-NH further understands that it will not have the right to withdraw its guilty plea if the applicable advisory guideline range or the sentence is other than anticipated, except as expressly provided in this Plea Agreement.

The defendant also understands that the United States and the United States Probation Office shall:

A. advise the Court of any additional, relevant facts that are presently known or may subsequently come to its attention;

B. respond to questions from the Court;

C. correct any inaccuracies in the pre-sentence report;

> D. respond to any statements made by APS-NH or its counsel to a probation officer or to the Court.

APS-NH understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case and that any estimate of the probable sentence or the probable sentencing range relating to the corporation pursuant to the advisory Sentencing Guidelines that it may have received from any source is only a prediction and not a promise, and is not binding on the United States, the Probation Office, or the Court, except as expressly provided in this Plea Agreement.

> 5. **Stipulations and Other Agreements**.
>
> A. The parties stipulate pursuant to Fed. R. Crim. P. 11(c)(1)(c), that the following sentence is an appropriate disposition of the case:
> The fine to be imposed on the defendant on each count of the 2-count Information is $5,000.00, for an aggregate criminal fine of $10,000.00.
>
> B. In addition, the parties understand and acknowledge that this plea agreement and the above stipulated sentence have been entered into as part of a "global settlement agreement" which includes a civil settlement set forth in a separate civil Stipulation and Order

      negotiated by the parties.

      The agreement of APS-NH, Inc., to plead guilty to 2 misdemeanor charges will be binding on APS-NH Inc. only if the Court also approves and enters the parties' civil Stipulation and Order.

C.    Further, the United States has agreed that it will not pursue criminal charges in connection with the conduct which forms the basis of the Information against other Algonquin entities.[1]

The stipulations set forth in paragraphs A, B, and C above are intended by the parties to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word "binding", the parties mean that if the Court cannot or will not accept these stipulations, either party will be permitted to withdraw from this Plea Agreement. The parties will not be allowed to withdraw from this Plea Agreement for any other reason.

The United States and the defendant are free to make recommendations with respect to other components of the criminal sentence as appropriate unless such recommendations are inconsistent with the terms of this Plea Agreement.

---

[1] For the purpose of this plea agreement, the phrase "conduct which forms the basis of the Information" includes all conduct by employees or officers of any Algonquin entity relating to the operation of the Riverbend hydroelectric plant in Franklin, New Hampshire, during the period from January 1, 2001 through July 31, 2001.

6. **Waiver of Trial Rights and Consequences of Plea**.

APS-NH understands that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant. The corporation understands that it has the right:

- A. to plead not guilty or to maintain that plea if it has already been made;
- B. to be tried by a jury and, at that trial, the right to the assistance of counsel;
- C. to confront and cross-examine witnesses against the defendant; and
- D. to compulsory process for the attendance of witnesses to testify in the defendant's defense.

The defendant understands that by pleading guilty the defendant waives and gives up those rights and that if a plea of guilty is accepted by the Court, there will not be a trial of any kind.

7. **Acknowledgment of Guilt; Voluntariness of Plea**.

The defendant corporation acknowledges that it:

- A. is entering into this Plea Agreement and is pleading guilty freely and voluntarily because it is guilty;
- B. is entering into this Plea Agreement without reliance upon any discussions with the United States and without promise of benefit of any kind except as described in

this Plea Agreement;

C. is entering into this Plea Agreement without threats, force, intimidation, or coercion of any kind;

D. understands the nature of the offenses to which it is pleading guilty, including the penalties provided by law; and

E. is completely satisfied with the representation and advice received from its undersigned attorney.

8. **Scope of Agreement**.

APS-NH understands that this Plea Agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The parties acknowledge that this plea is part of a global settlement to address hydraulic oil discharges from the Riverbend hydro electric power generating plant in Franklin, New Hampshire that occurred between January 31st and February 15, 2001. No representations have been made to the defendant with respect to any civil or administrative consequences that may result from the defendant's plea of guilty beyond those agreements made in this Plea Agreement and in the separate civil Stipulation and Order negotiated by the parties as part of this global settlement. Finally, APS-NH acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving it.

9.  **Satisfaction of Federal Criminal Liability; Breach**.

The defendant's guilty plea, if accepted by the Court, will satisfy any federal criminal liability of the defendant in the District of New Hampshire as a result of the defendant's participation in the conduct which forms the basis of the Information in this case.[2] APS-NH understands that if, before sentencing, it violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw from it.

10. **Waivers.**

A.  **Appeal and Collateral Review**.

The defendant is aware that it has the right to challenge the sentence and guilty plea on direct appeal. The defendant is also aware that it may, in some circumstances, be able to argue that the defendant's plea should be set aside, or the defendant's sentence be set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255 or § 2241).

By entering into this Plea Agreement, APS-NH knowingly and voluntarily waives any right to appeal or to collaterally

---

[2] For the purpose of this plea agreement, the phrase "conduct which forms the basis of the Information" includes all conduct by employees or officers of any Algonquin entity relating to the operation of the Riverbend hydroelectric plant in Franklin, New Hampshire, during the period from January 1, 2001 through July 31, 2001.

challenge:

>The defendant's guilty plea and any other aspect of defendant's conviction;

The defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Plea Agreement which are held by the First Circuit or Supreme Court to have retroactive effect. The defendant's waiver of the right to collateral review does not extend to claims that the plea was unknowing or involuntary or to claims that the defendant received ineffective assistance of counsel in the negotiation of the plea or plea agreement.

This Plea Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the United States therefore retains its appeal rights.

B. **Freedom of Information and Privacy Acts.**

The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of

-11-

1974, 5 U.S.C. §522a.

11. **No Other Promises**.

APS-NH acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

12. **Final Binding Agreement**.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until signed by the United States Attorney for the District of New Hampshire.

13. **Agreement Provisions Not Severable**.

The United States and APS-NH understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

THOMAS P. COLANTUONO
United States Attorney

Date: 12/15/05    By: _____
Alfred Rubega
Assistant U.S. Attorney
Bar No. 2211
U.S. Attorney's Office
55 Pleasant St., 4th Floor

Concord, NH 03301
(603) 225-1552

I, ___DAVID KERR___, an officer and director of Algonquin Power Systems-NH, Inc. ("APS-NH") and empowered by corporate resolution to bind Algonquin Power Systems-NH, Inc. in this matter, have read this thirteen (13) page Plea Agreement. I fully understand and, on behalf of Algonquin Power Systems-NH, Inc., accept the terms thereof. A copy of the resolution empowering me to sign on behalf of and to bind Algonquin Power Systems-NH, Inc. in this matter is attached.

FOR DEFENDANT Algonquin Power Systems-NH, Inc.

___[signature]___                Date: __Nov. 16, 2005__
President and Director

I, Peter Beeson, have read the above Agreement and have explained it to my client Algonquin Power Systems-NH, Inc.., which, through its President, ___DAVID KERR___, advises me that it understands and accepts the terms thereof.

___[signature]___                Date: __November 21, 2005__
Peter Beeson, Esq.,
Counsel for Algonquin Power Systems-NH, Inc.

CONSENT MINUTES OF THE
BOARD OF DIRECTORS OF
ALGONQUIN POWER SYSTEMS NEW HAMPSHIRE, INC.

We, the undersigned, being all of the Directors of Algonquin Power Systems New Hampshire, Inc., a New Hampshire corporation with a principal place of business in __CONCORD__, New Hampshire (hereinafter, the "Corporation"), do hereby consent to the adoption of the following votes pursuant to Article III, Section 8 of the Corporation's By-Laws with the same force and effect as if adopted at a duly convened meeting:

VOTED: That a plea of guilty by the Corporation to one count of Negligent Discharge of a Harmful Quantity of Oil into a Water of the United States in violation of 33 U.S.C. § 1321(b)(3) and 1319(c)(1)(A); and one count of Negligent Discharge of a Pollutant through a Point Source to Waters of the United States Without a Permit in violation of 33 U.S.C. § 1311(a) and 1319(c)(1)(A), in the matter of United States v. ALGONQUIN POWER SYSTEMS NEW HAMPSHIRE, INC. (D.N.H. 2005), is in the best interests of the Corporation and is hereby approved and authorized.

VOTED: That the form of the Plea Agreement by and between the Corporation and the United States Attorney for the District of New Hampshire (attached hereto and incorporated herein by reference) setting forth the terms, provisions and conditions of the plea of guilty by the Corporation to the above-described counts in said matter is hereby approved ("Plea Agreement").

VOTED: That the president of the Corporation, David Kerr, be and hereby is authorized and empowered to sign on behalf of the Corporation the Plea Agreement and any and all other documents required by the United States Attorney for the District of New Hampshire to effectuate the terms, provisions and conditions of the Plea Agreement, and to take any and all other necessary action in furtherance thereof.

VOTED: To enter with the corporate records of the Corporation a copy of these Consent Minutes executed by the Board of Directors of the Corporation.

Notice of time, place and purpose and all other formalities in connection with these Consent Minutes and the action taken herein is hereby waived.

Dated this __16__ day of __NOVEMBER__, 2005 at __OAKVILLE__, ~~New Hampshire~~ ONTARIO, CANADA.

_____
Ian Robertson, Director

_____
Chris Jarratt, Director

_____
John Huxley, Director

_____
David Kerr, Director

J:\wdox\docs\clients\11108\64700\M0779899.DOC

2